1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                                **DISTRICT OF NEVADA**

10

11    PETER M. BERGNA,                          Case No. 3:18-cv-00358-HDM-WGC

12                  Petitioner,                 **ORDER**

13           v.

14    WARDEN BACA, et al.,

15                  Respondents.

16

17           Petitioner has filed a motion for extension of time to pay the filing fee (ECF No. 7).  The

18    court grants the motion, and petitioner already has paid the filing fee (ECF No. 8).

19           The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section

20    2254 Cases in the United States District Courts.  The court will dismiss the action.

21           Petitioner is not challenging the validity of a judgment of conviction.  Petitioner

22    unsuccessfully did that in <u>Bergna v. Benedetti</u>, 3:10-cv-00389-RCJ-WGC.  Petitioner now has a

23    complaint about the outcome of prison disciplinary proceedings.  Consequently, this is not a

24    second or successive petition that is subject to the restrictions of 28 U.S.C. § 2244(b).

25           Petitioner alleges that on November 24, 2014, he suffered a severe stroke and was

26    transferred to a hospital.  When petitioner returned to prison on November 27, 2014, prison

27    officials told him that the hospital found traces of methamphetamine in his blood.  Prison officials

28

                                                    1

1    started disciplinary proceedings against him.  On October 15, 2015, petitioner was found not
2    guilty.

3        Petitioner has not alleged any constitutional violations that affect his custody.  "[I]f a state
4    prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas
5    corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983."  Nettles v. Grounds, 830 F.3d
6    922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and
7    Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)), cert. denied 137 S. Ct. 645 (2017).  The "core
8    of habeas corpus" is relief that terminates custody, accelerates the future date of release from
9    custody, or reduces the level of custody, such as from incarceration to parole.  Nettles, 830 F.3d
10   at 930 (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

11       Petitioner's situation is similar to Nettles' situation.  Nevada, like California, does not
12   simply parole a prisoner upon becoming eligible.  The parole board must assign a level of severity
13   to petitioner's crime.  Nev. Admin. Code. § 213.512.  The parole board then must assign a level
14   of risk to petitioner.  Nev. Admin. Code § 213.514.  Then the parole board makes an initial
15   assessment.  Nev. Admin. Code § 213.516.  If necessary, the parole board considers other
16   aggravating and mitigating factors.  Nev. Admin. Code § 213.518.  Petitioner is imprisoned for
17   life with eligibility for parole starting after a minimum of 20 years.  Petitioner lost no credits in
18   the prison disciplinary proceedings, and he was found not guilty.  Petitioner worries that the
19   existence of the prison disciplinary proceedings in his record would affect the parole board's
20   determination whether to grant him parole.  However, under Nevada law, the parole board could
21   deny petitioner parole even if it did not consider the not-guilty prison disciplinary proceedings.
22   The parole board also could deny petitioner parole even if the disciplinary proceedings were
23   expunged from his record.  Petitioner's claim is outside the core of habeas corpus, and the court
24   lacks jurisdiction to consider the petition.  See Nettles, 830 F.3d at 934-35.

25       Nettles notes that under these circumstances a court may re-characterize a habeas corpus
26   petition into a civil rights action.  830 F.3d at 935-36.  The court declines to do that for two
27   reasons.  First, the respondent in this action is different from who the defendants would be in a
28   civil rights action.  Second, petitioner would be required to pay a much larger filing fee through

monthly installments.  28 U.S.C. § 1915(b).  Petitioner should decide on his own whether it is worthwhile to pursue his claims in a civil rights action.

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's motion for extension of time (ECF No. 7) is **GRANTED**.

IT FURTHER IS ORDERED that the clerk file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that this action is **DISMISSED** for lack of jurisdiction.  The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: February 28, 2019

_____
HOWARD D. MCKIBBEN
United States District Judge